# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2010

No. 09-50839
Conference Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS CORTEZ-LOPEZ, also known as Mario Hernandez-Rodriguez, also known as Jesus Hernandez-Lopez, also known as Juan Lopez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-66-1

Before JOLLY, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jesus Cortez-Lopez (Cortez) appeals the sentence imposed following his guilty plea conviction to illegal reentry of a previously deported alien, arguing that his sentence is greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a). Cortez argues, for the purpose of preserving the issue for possible Supreme Court review, that his within-guidelines sentence should not be presumed reasonable because U.S.S.G. § 2L1.2 is not empirically based and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

thus is flawed under *Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007). He argues that his sentence is greater than necessary to meet the sentencing goals of § 3553(a) because the Sentencing Guidelines account for a prior conviction both to increase his offense level and to calculate his criminal history score. Cortez further contends that the guidelines range overstated the seriousness of his offense because his conduct was not violent and that the guidelines range did not properly account for his personal history and characteristics, including his motive for reentering.

Cortez's empirical data argument is foreclosed by this court's precedent. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.)*, cert. denied*, 130 S. Ct. 378 (2009); *see also United States v. Mondragon-Santiago,* 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). We have also previously rejected the argument that the double counting of a defendant's criminal history necessarily renders a sentence unreasonable. *See Duarte*, 569 F.3d at 529-31; *see also* U.S.S.G. § 2L1.2, comment. (n.6).

Cortez's arguments concerning the district court's balancing of the § 3553(a) factors amount to a disagreement with the district court's weighing of these factors and the appropriateness of his within-guidelines sentence. This disagreement does not suffice to show error in connection with his sentence. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Cortez has not shown that his sentence was unreasonable, and he has not rebutted the presumption of reasonableness that attaches to his within-guidelines sentence. *See United States v. Armstrong*, 550 F.3d 382, 405 (5th Cir. 2008), *cert. denied*, 130 S. Ct. 54 (2009); *United States v. Alonzo*, 435 F.3d 551, 554-55 (5th Cir. 2006). Accordingly, the judgment of the district court is AFFIRMED.